

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-86,461-01

### EX PARTE CORY SHANE FIELDS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 11208-D IN THE 350TH DISTRICT COURT
### FROM TAYLOR COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual assault and sentenced to thirty years' imprisonment. The Eleventh Court of Appeals dismissed his appeal. *Fields v. State*, No. 11-15-00120-CR (Tex. App.—Eastland July 23, 2015) (not designated for publication).

Applicant contends that trial counsel failed to timely file a notice of appeal. The trial court found, among other things, that "filing an appeal without a legal basis for challenging the legality of the guilty plea, confession and judgment does not bear [on] the legality of Applicant's

confinement." Whether an applicant is entitled to an out-of-time appeal or petition for discretionary review (PDR) does not depend on whether his grounds on appeal or PDR would be meritorious. *See Ex parte Crow*, 180 S.W.3d 135, 138 (Tex. Crim. App. 2005) (holding that "[l]osing the right file a PDR constitutes the deprivation of that entire proceeding" and that whether appellate counsel caused that deprivation depends on whether an appellant was entitled to be in the appellate process and, absent appellate counsel's conduct, an appellant would have timely filed a PDR).

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999); *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim that counsel failed to file a timely notice of appeal. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make further findings of fact and conclusions of law as to whether Applicant was denied his right to a meaningful appeal because trial counsel failed to timely file a notice of appeal. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all

affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order.  Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: March 22, 2017
Do not publish